UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
         :
SYSTEM AGENCY F/K/A STAR SYSTEM SA,  :
         :
        Plaintiff,  :
         :      19-CV-6486 (JMF)
    -v-  :
         :   MEMORANDUM OPINION
JOSEPH VILLANUEVA A/K/A JOSEPH CELABI-  :      AND ORDER
VILLANUEVA,  :
        Defendant.  :
         :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    System Agency ("System"), an international modeling agency, brings this action against its former Chief Strategy Officer, Joseph Villanueva. In particular, System alleges that, following his termination, Villanueva tried to stall System's operations, poach System's employees and models, and ruin System's reputation. ECF No. 43 ("FAC"), ¶¶ 1-5. In its original Complaint, filed on July 12, 2019, System brought state-law tort claims against Villanueva and his company Republicist, LLC ("Republicist"), invoking the Court's diversity jurisdiction. ECF No. 5 ("Compl."). Proceeding without counsel, Villanueva answered the Complaint, asserting that the parties lacked diversity, ECF No. 31 ("Answer"), ¶¶ 6, 9; denying System's allegations, *id.* ¶¶ 12-101; and alleging a $100,000 counterclaim for unpaid commissions, *id.* at 7.[1] On February 25, 2020, System amended its complaint against Villanueva to add three paragraphs rebutting Villanueva's argument that the Court lacks subject-matter jurisdiction and leaving the rest of the complaint substantially unchanged. *See* FAC ¶¶ 7-9. On

---

[1] Republicist did not file an answer and, on January 29, 2020, this Court granted System's motion for default judgment against the company. ECF No. 30.

July 3, 2020, System moved for summary judgment against Villanueva on six of its seven claims against him. ECF No. 49; *see also* ECF No. 52 ("Pl.'s Mem."). Villanueva has not filed an answer to System's First Amended Complaint, but opposes System's motion for summary judgment. ECF No. 57.

Summary judgment is appropriate where the pleadings and admissible evidence demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam). The initial burden of establishing that no genuine factual dispute exists rests upon the party seeking summary judgment. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994). As relevant here, to carry that burden, the party must "cit[e] to particular parts of materials in the record, including depositions, documents, . . . affidavits or declarations, . . . or other materials." Fed. R. Civ. P. 56(c)(1)(A). Significantly, "[t]he evidence considered on summary judgment must generally be admissible evidence." *LaSalle Bank Nat'l Ass'n v. Nomura Asset Cap. Corp.*, 424 F.3d 195, 205 (2d Cir. 2005). And consistent with that admonition, any "affidavit or declaration . . . must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

More specifically, for a document to be admitted into evidence, it must be authenticated by extrinsic "evidence sufficient to support a finding that the item is what the proponent claims it is," Fed. R. Evid. 901(a), or be a "self-authenticating" document for which such extrinsic evidence is not necessary, Fed. R. Evid. 902. Thus, "[d]ocuments that are not 'attached to an affidavit made on personal knowledge setting forth facts that would be admissible in evidence' and sufficient to authenticate the document 'cannot be considered'" on summary judgment.

*Shanchun Yu v. Diguojiaoyu, Inc.*, No. 18-CV-7303 (JMF), 2019 WL 6174204, at *7 (S.D.N.Y. Nov. 20, 2019) (quoting *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000)). So too, "[a]n affidavit of the opposing party's attorney which does not contain specific facts or is not based on first-hand knowledge is not entitled to any weight." *Wyler v. United States*, 725 F.2d 156, 160 (2d Cir. 1983); *see also Little v. City of New York*, 487 F. Supp. 2d 426, 433 n.2 (S.D.N.Y. 2007) ("The law is clear that an attorney's affirmation that is not based on personal knowledge of the relevant facts is to be accorded no weight on a motion for summary judgment."). If the party moving for summary judgment "fails to fulfill its initial burden of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied." *Giannullo v. City of New York*, 322 F.3d 139, 140-41 (2d Cir. 2003) (internal quotation marks and modifications omitted).

In light of these well-established standards, System's motion must be denied because the company fails to submit any admissible evidence. System does submit a slew of documents in support of its motion, *see* ECF Nos. 52-2 through -18 and 59-2 through -5, but its sole attempt to authenticate all but documents relating to service (which are not relevant to the substance of System's claims) consists of two affidavits from its counsel, Rania V. Sedhom, ECF Nos. 50, 59-1. Each of the affidavits does include the obligatory assertion that Sedhom "ha[s] personal knowledge of the matters set forth in this Affidavit," ECF No. 50, ¶ 2; ECF No. 59-1, ¶ 2, but given the nature of the documents (for example, email and text messages to which, with rare exception, Sedhom was not a party; an allegedly fraudulent Credit Suisse document sent by Villanueva to someone else; an alleged Instagram post; and a document, of unknown provenance, listing people to whom Villanueva allegedly sent defamatory email messages), that is plainly untrue and, in any event, the affidavits do not "show that the affiant or declarant is

3

competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).  Moreover, to the extent that some of the documents might otherwise qualify as business records, the affidavits fail to provide any of the necessary foundation under Rule 803(6) of the Federal Rules of Evidence.  Thus, the documents attached to Sedhom's affirmation are inadmissible and may not be considered.  *See Union Ins. Soc'y of Canton, Ltd. v. William Gluckin & Co.*, 353 F.2d 946, 952 (2d Cir. 1965); *Baity v. Kralik*, 51 F. Supp. 3d 414, 419 (S.D.N.Y. 2014).  Although (some of) the documents may be capable of admission into evidence at trial — that is, with proper authentication and foundation — they are not admissible on this record and do not support summary judgment.

That does not resolve System's motion, however, because the company makes one other argument in its initial brief that, if accepted, could conceivably support summary judgment even in the absence of admissible evidence.  Specifically, System argues that Villanueva "effectively admitted every allegation in the First Amended Complaint" because he failed to answer it in accordance with Rule 8 of the Federal Rules of Civil Procedure.  Pl.'s Mem. at 17.  But the Court rejects this argument for several reasons.  First, System conspicuously dropped the argument in its reply brief and, thus, it can be deemed abandoned.  *See, e.g.*, *Galin v. Hamada*, No. 15-CV-6992 (JMF), 2016 WL 2733132, at *3 (S.D.N.Y. May 10, 2016).  Second, and in any event, System fails to cite, and the Court has not found, any authority to support this argument.[2]  If anything, the limited case law addressing similar situations cautions against deeming Villanueva to have admitted the facts alleged in the First Amended Complaint.  *See, e.g.*, *Third World*

---

[2]    Remarkably, the only authority System cites (other than Rule 8) is an intermediate *state-court* decision.  *See* Pl.'s Mem. at 17 (citing *R & G Brenner Income Tax Consultants v. Gilmartin*, 89 N.Y.S.3d 85 (App. Div. 2018)).  That decision obviously did not address the *Federal* Rules of Civil Procedure.  Making matters worse, the case did not even involve a similar situation.  *See* 89 N.Y.S.3d at 89 (reversing the trial court's grant of summary judgment on an amended complaint that the defendant had no opportunity to answer).

*Media, LLC v. Haw. Members of Swarm*, No. 11-CV-00536 (DAE) (RLP), 2012 WL 12892431, at *3 (D. Haw. July 25, 2012) (declining to recognize the defendant's defective answer "as an effective admission to the allegations" in an amended complaint and allowing the defendant to amend his answer to comport with Rule 8 requirements); *Mont. Pro. Sports, LLC v. Great Plains Football League, Inc.*, No. 07-CV-3081 (DSD) (JJG), 2007 WL 9735950, at *1 (D. Minn. Sept. 20, 2007) (declining to apply Rule 8's remedy to *pro se* defendants with defective answers and affording the defendants time to amend).  Moreover, any argument for doing so is even weaker here because Villanueva properly answered System's original complaint, and the First Amended Complaint is identical to the original complaint save for three paragraphs that System added to rebut Villanueva's assertion that the Court lacks subject-matter jurisdiction over the dispute.  *See* Answer ¶ 9 ("There is no diversity of the parties. Plaintiff's principal place of business is in New York state."); FAC ¶¶ 7-9 (contending that System's principal place of business is in France).

In essence, System asks to the Court to enter a default judgment against Villanueva based on his failure to answer the First Amended Complaint.  *See* Fed. R. Civ. P. 55; *see also, e.g.*, *Freedom Mortg. Corp. v. Weisblum*, No. 19-CV-2033 (DRH) (AKT), 2020 WL 5881235, at *3 (E.D.N.Y. Aug. 19, 2020) ("A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true."). Notably, however, System did not move for entry of a default judgment against Villanueva (as it had against Republicist).  Even more notably, had System made such a motion, it would almost certainly not be entitled to the relief it seeks given that Villanueva is proceeding *pro se* and is "otherwise defend[ing]" against System's claims. Fed. R. Civ. P. 55(a); *see also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed.) ("The words 'otherwise defend' refer to the interposition of various challenges to such matters as service,

venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading. . . . [I]f defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default."); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (noting that *pro se* litigants are "afforded extra leeway in meeting the procedural rules governing litigation, and trial judges must make some effort to protect a party so appearing from waiving a right to be heard because of his or her lack of legal knowledge").  The Court will not allow System to do via Rules 8 and 56 what it could not do via Rule 55.

For the foregoing reasons, System's motion to summary judgment must be and is DENIED.  Further, rather than requiring Villanueva to file an answer to System's First Amended Complaint, the Court deems Villanueva's Answer to the original complaint to be responsive to the nearly identical First Amended Complaint.  *See DiGeronimo v. Payne*, No. 01-CV-8386 (LAP) (FM), 2002 WL 1268011, at *4 (S.D.N.Y. June 6, 2002) ("[T]he Court will deem [the *pro se* defendant's] original answer to be applicable to the amended complaint . . . .").  Finally, to discuss the next steps in this litigation — including why the Court believes that the parties should settle their dispute — the parties shall appear for a telephone conference on **January 13, 2021**, at **2:30 p.m.**  To access the conference, counsel for System and Villanueva should call 888-363-4749 and use access code 5421540#.  (Members of the press and public may call the same number, but will not be permitted to speak during the conference.)  No later than **two business days before the conference**, Villanueva shall provide the telephone number from which he will connect to the conference to counsel for System; and no later than **one business day before the conference**, counsel for System shall email the Court a list of all those who will participate in the conference and the telephone numbers they will use to participate in accordance with the Court's

Emergency Individual Rules and Practices in Light of COVID-19, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman.

**The Clerk of Court is directed to terminate ECF No. 49 and to mail a copy of this Memorandum Opinion and Order to Villanueva.** Villanueva is urged to consider accepting service of filings electronically to avoid the delays inherent in mailing them to him given the COVID-19 pandemic. If he would like to receive communications electronically, he should fill out the attached consent form — which is also available on the Court's website at https://nysd.uscourts.gov/sites/default/files/2018-06/proseconsentecfnotice-final.pdf — and to return it to the Court's *Pro Se* Intake Unit. Additionally, Villanueva is advised that, in light of the COVID-19 pandemic, he may submit filings to the Court's *Pro Se* Intake Unit by email at Temporary_Pro_Se_Filing@nysd.uscourts.gov. Instructions for filing documents by email are also attached.

SO ORDERED.

Dated: December 22, 2020  
New York, New York

                                                           JESSE M. FURMAN  
                                                        United States District Judge



United States District Court
Southern District of New York
*Pro Se Office*

# Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;
2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail. Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;
2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;
3. This service does *not* allow you to electronically file your documents;
4. It will be your duty to regularly review the docket sheet of the case.[2]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.



**United States District Court**
**Southern District of New York**
*Pro Se Office*

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address         City         State         Zip Code

_____
Telephone Number         E-mail Address

_____
Date         Signature

**Return completed form to:**

Pro Se Office (Room 200)
500 Pearl Street
New York, NY 10007

**United States District Court
Southern District of New York**
Temporary_Pro_Se_Filing@nysd.uscourts.gov.

# INSTRUCTIONS: EMAIL PRO SE FILINGS

## How do I email documents to the Clerk's Office for filing?

- SIGN. You must sign your document by either signing the document before you scan it or typing "/s/ [Your Name]." The Court will accept typed signatures in this format.

- CONTACT INFORMATION. The document must include your name, address, telephone number and email address (if available).

- SUBJECT LINE. For existing cases, the subject line of the email must read, "Pro Se Filing – XX-CV-XXXX." For new cases, the subject line of the email must read, "Pro Se Filing – New Case."

- EMAIL the PDF document to Temporary_Pro_Se_Filing@nysd.uscourts.gov.

## Can I start a new case by email?

- **YES.** To start a new case, you may email your complaint to Temporary_Pro_Se_Filing@nysd.uscourts.gov.

- In addition to emailing your complaint, you must either (1) email an application requesting that the fee be waived, available at https://nysd.uscourts.gov/node/838, or (2) pay the filing fee of $400. If you are paying the filing fee, add to the subject line, "Pro Se Filing – New Case – FEE PAID." Payment must be made within 21 days by certified check or money order, made out to Clerk, USDC, SDNY, and mailed to: Cashiers-Room 120, 500 Pearl Street, New York, NY 10007. The check must include the case number, which you can learn by calling (212) 805-0175.

## Can I include any questions or information in my email?

- **NO.** You must only include the attached document(s) for filing. No one will read messages in the body of the email and no one will respond to any questions.

### Will someone respond to my email?

- **NO.** This email address cannot respond to inquiries. The Clerk's Office will download the email attachment. This is a NO-REPLY email address. But you may call (212) 805-0175 to confirm that your documents were received. Please wait at least one week before calling.

### Can I email the assigned judge instead?

- **NO.** Any submission emailed to any other court email address will be disregarded by the recipient.

### Can the Clerk's Office assist with scanning?

- **NO.** If you are unable to email your documents, you must submit them by mail to the Pro Se Intake Unit.

### Can someone email my documents for me?

- **YES.** But please include your email address, if available, in the document. The Court will only communicate with the email address listed on the filed documents, and only if you have consented to receive court documents by email.

### Can I receive court documents by email?

- **YES.** Complete and email a signed [consent to electronic service](#) form.

### Do I need to serve my adversary?

- **NO.** After the document is emailed to the Court and electronically filed, your adversary will receive electronic notification of the filing.